IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Criminal No. 5:25CR34
                                                 (Judge Bailey)

PAUL J. HARRIS

    Defendant.

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO ALTER PROTECTIVE ORDER

Comes now the United States of America and Randolph J. Bernard, Acting United States Attorney for the Northern District of West Virginia, by Morgan S. McKee, Assistant United States Attorney for said District, and responds to the Defendant's Motion to Alter Order Protecting Real Properties [Doc. 17], as follows:

1. On September 23, 2025, the Court entered an Order Protecting Real Properties [Doc. 9] restraining certain real property, more specifically, 32-15th Street, Wheeling, WV, pursuant to 21 U.S.C. § 853(e).

2. On September 26, 2025, the Defendant filed a Motion to Alter the Protective Order, asserting Fourth Amendment rights and objecting to the obligation to maintain and preserve the property regarding payment of utilities and insurance.

3. On September 29, 2025, undersigned counsel contacted the defendant regarding the maintenance of the property and inquiring if Defendant had intentions to sell the property. Defendant advised that he did not wish to sell the property. Had he expressed an interest in selling, the United States was prepared to off three resolutions: (1) agree to an interlocutory sale of the

property by the United States Marshals Service, where the proceeds of the sale will be held as substitute and will be forfeited if the defendant is convicted or returned to the defendant in the event of acquittal; (2) agree to the sale of the property by the defendant with the United States agreeing to the sale terms set forth by the defendant, with the proceeds held as a substitute res; or (3) agree to provide the United States with a check for an agreed-upon amount in lieu of forfeiture of the real property, with the check being held as a substitute res.

5. Given that defendant does not wish to sell, and because there is no alternative resolution for this property at this time, the government objects to a modification of the restraint vacating obligations for maintenance. This trial will commence in one month, on November 3, 2025.

3. The cost of maintaining insurance and reinstating the utilities until the conclusion of trial, where the property would be forfeited upon conviction or the protective order released upon acquittal, would be minimal and not burdensome. Moreover, as the building situated on the protected property was constructed in 1900, utilities should be continued to avoid any chance of structural and environmental damage. Not maintaining insurance on the property is also with risk, as a vacant building in downtown Wheeling is susceptible to trespassers who may cause damage.[1]

4. The defendant's Fourth Amendment concerns are misplaced; the USMS property custodians' walkthrough appraisals are limited to an inventory appraisal documenting the condition of the interior and inspection for damage. They will not be seizing anything. However, to ease the defendant's concerns regarding client files, the government agrees to a modification of

---

[1] The defendant's consent to an interlocutory sale is not required and the Court can order the interlocutory sale of the property when utilities and insurance are not being paid.. See, e.g., *United States v. Gianelli*, 594 F. Supp. 2d 148, 150 (D. Mass. 2009); *United States v. McDonough*, 2007 WL 2317103, at *1-2, (N.D. Ill. Aug. 1, 2007). At this time, the government is not asking the court to order a **contested** interlocutory sale because requiring the defendant to maintain utilities and insurance is less burdensome.

the order allowing the defendant to be present during such walkthrough. The United States and the defendant will coordinate dates and times for the USMS to inspect the property.

Wherefore, the government requests this Court to deny the defendant's request to vacate his maintenance obligation and has no objection to a modification regarding the walkthrough.

                                Respectfully submitted,

                                RANDOLPH J. BERNARD
                                Acting United States Attorney

By:    /s/ Morgan S. McKee
        Morgan S. McKee
        Assistant United States Attorney
        WV Bar No. 12669
        United States Attorney's Office
        1125 Chapline Street, Suite 3000
        Wheeling, WV 26003
        Phone: (304) 234-0100
        Morgan.mckee@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October 2025, I have electronically filed the attached document with the Clerk of the Court using the CM/ECF system, to be served upon counsel of record.

                                              Randolph J. Bernard
                                              Acting United States Attorney

By:    /s/ Morgan S. McKee
        Morgan S. McKee
        WV Bar No. 12669
        Assistant United States Attorney
        United States Attorney's Office
        1125 Chapline Street, Suite 3000
        Wheeling, WV 26003
        Phone: (304) 234-0100
        morgan.mckee@usdoj.gov