IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                                           **CRIM. ACT. NO. 5:25-CR-34**
                                                                       Judge Bailey

**PAUL J. HARRIS,**

        Defendant.

## ORDER

On October 20, 2025, the Government filed its Notice of Intent to Offer Certified Domestic Records of a Regularly Conducted Activity at Trial [Doc. 62]. On October 21, 2025, the Government filed its Supplemental Notice of Intent to Offer Certified Domestic Records of a Regularly Conducted Activity at Trial [Doc. 71]. Both Notices set forth various records the Government intends to introduce as exhibits at trial, such exhibits being self-authenticating pursuant to Rule 902(11) of the Federal Rules of Evidence. [Docs. 62 & 71].

On October 23, 2025, defendant filed a Response to the Government's Notice of Intent to Offer Certified Domestic Business Records of a Regularly Conducted Activity at Trial [Docs 62 and 71] [Doc. 93]. Defendant objects to the admission of the records without "live testimony and the opportunity for cross-examination of the custodian or other qualified witness." [Doc. 93 at 1–2]. In support, defendant argues Rule 902(11) does not preclude his rights under the Sixth Amendment to confront and cross-examine witnesses

"whose testimony bears on the reliability, accuracy, or authenticity of those records." [Id. at 1 (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009))].

On October 24, 2025, the Government filed a Reply in Support of its Intent to Offer Certified Domestic Records of a Regularly Conducted Activity at Trial [Doc. 95]. The Government argues Rule 902(11) was designed to avoid the necessity of live testimony regarding the authenticity of records of regularly conducted activities. [Doc. 95 at 2–3]. In support, the Government cites *United States v. Denton*, 944 F.3d 170 (4th Cir. 2019).

In *Melendez-Diaz*, the Supreme Court wrote:

Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because – having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial – they are not testimonial. Whether or not they qualify as business or official records, the analysts' statements here – prepared specifically for use at petitioner's trial – were testimony against petitioner, and the analysis were subject to confrontation under the Sixth Amendment.

557 U.S. at 324.

In *Denton*, the defendant objected on appeal to the Rule 902(11) admission of business record certifications from Facebook, Google, and Time Warner Cable on Sixth Amendment grounds. 944 F.3d at 183. The records provided evidence of, *inter alia*, the defendant engaging in trafficking methamphetamine. *Id*. The certifications consisted of

declarations from records custodians verifying the authenticity of the records maintained in the ordinary course of business. In ruling that the admission of the certifications pursuant to Rule 902(11) was proper, the Court wrote: "***Melendez-Diaz*** thus 'makes clear that the Sixth Amendment right to confront witnesses does not include the right to confront a records custodian who submits a Rule 902(11) certification of a record that was created in the course of a regularly conducted business activity.'" *Id*. at 184 (quoting ***United States v. Mallory***, 461 Fed.App'x. 352, 357 (4th Cir. 2012) (per curiam)).

The Court also wrote: "At bottom, the business record certifications from Facebook, Google, and Time Warner Cable did nothing more than authenticate the business records to which they pertain. We are thus satisfied that the district court's admission of those certifications did not contravene Denton's Sixth Amendment confrontation right." *Id*.

It is clear defendant's Sixth Amendment right to confrontation does not apply to custodians who submit certifications regarding the authenticity of certified domestic records of a regularly conducted activity. Accordingly, to the extent defendant is asserting a right to confront a custodian who submits a Rule 902(11) certification of a domestic record of a regularly conducted activity, the objection is **OVERRULED**.

In reading defendant's Response, it seems defendant is instead asserting that records introduced pursuant to Rule 902(11) are not automatically admissible as evidence. The Government does not contradict this assertion, nor does it posit that the records identified in its Notices are automatically admissible simply because the records have Rule 902(11) certifications. Authenticity is merely a facet of admissibility. For example, the evidence must still be relevant to be admissible. Fed. R. Evid. 402. As such, this Court

3

has no intention of admitting the records merely because the records are accompanied by Rule 902(11) certifications.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the *pro se* defendant via the CM/ECF system.

**DATED**: October 27, 2025.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE