IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

UNITED STATES OF AMERICA,

v.  Criminal Action No. 5:25-CR-34
(BAILEY)

PAUL J. HARRIS,

        Defendant.

### UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO THE GOVERNMENT'S INTENDED USE OF ROBERT P. FITZSIMMONS AS A WITNESS

Now comes the United States of America, by Matthew L. Harvey, United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas and Jennifer T. Conklin, Assistant United States Attorneys for said District, and hereby responds to the defendant's Objection and Memorandum in Opposition to the Government's Intended Use of Robert P. Fitzsimmons as a Witness [Doc. 97]. For the reasons articulated below, the government respectfully requests that the Court issue a pretrial decision overruling the defendant's objection.

    1.    On October 20, 2025, the government filed its Exhibit List, which listed Robert B. Fitzsimmons, Esq. as a "possible" government witness [Doc. 60]. The list reflected the government's belief that he would "testify regarding his involvement in the Covestro class action lawsuit and the dispute regarding the Carr client funds." Id. at ¶ 34.

    2.    On October 20, 2025, the government made its Jencks disclosure [Doc. 63]. The disclosure did not contain any interview statement of Mr. Fitzsimmons because none exists. There is no requirement that the government interview every witness before calling the witness at trial. In fact, the government often deals with witnesses, who might refuse to meet with the government

1

and must be called as a witness without any interview.  Moreover, there is no Rule 16 obligation regarding Mr. Fitzsimmons.

3. The government is certainly aware that Mr. Fitzsimmons, at some point, became a co-counsel to the defendant in the Covestro action and that he represented the defendant in the lawyer disciplinary action, which included a complaint by the Carrs.  The government has no intent to ask Mr. Fitzsimmons questions that would seek privileged information.

4. Upon information and belief, Mr. Fitzsimmons has knowledge about the defendant's handling of the Covestro action prior to Mr. Fitzsimmons officially joining the case as co-counsel, which knowledge was not learned from an attorney-client relationship.

5. In addition, upon information and belief, Mr. Fitzsimmons was involved in and had knowledge of the Carr fee dispute, while explicitly disclaiming any official representation of the defendant.  Mr. Fitzsimmons made this disclaimer in an email, dated November 7, 2022, carbon copying the defendant.  A copy of this email was produced in the Jencks disclosure.  See Doc. 63-1 at p. 5, Bates Number US-00027586.  Specifically, Mr. Fitzsimmons states to Burton Hunter, Esq, "I want to remind you that I am just helping in this case—I am not counsel of record for any party."  Logically, this statement must have also applied to a prior email from Mr. Fitzsimmons to Mr. Hunter, carbon copying the defendant, on August 8, 2022, where Mr. Fitzsimmons states, "My review and knowledge of Paul indicates that everything is in proper order."  A copy of this email was also produced in the Jencks disclosure.  See Doc. 63-1 at p. 4, Bates Number US00027453.  In fact, this email has also been produced to the defendant, marked as Government's Exhibit No. 56.

6. In all candor, it is unlikely that the government will call Mr. Fitzsimmons as a witness. But, for purposes of his objection, the defendant he has not presented a sufficient basis to preclude the government from doing so, for the reasons articulated above.

WHEREFORE, the government respectfully requests that the Court issue a pretrial decision overruling the defendant's objection.

    Respectfully submitted,

    MATTHEW L. HARVEY
    UNITED STATES ATTORNEY

By:    /s/ Jarod J. Douglas
    Jarod J. Douglas
    Assistant United States Attorney

And

    /s/ Jennifer T. Conklin
    Jennifer T. Conklin
    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 27th day of October 2025, the foregoing UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO THE GOVERNMENT'S INTENDED USE OF ROBERT P. FITZSIMMONS AS A WITNESS was filed with the Clerk of the Court via the CM/ECF system, which was not further served on the defendant based on his representations at the pretrial conference on October 23, 2025, that he is receiving filings through the CM/ECF system.

By: /s/ Jarod J. Douglas  
Jarod J. Douglas  
Assistant United States Attorney