IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                             **Criminal No. 5:25CR34**

**PAUL J. HARRIS,**

    **Defendant.**

## PRELIMINARY ORDER OF FORFEITURE

Pursuant to Title 18, United States Code, Section 982(a)(1), the Court having made the findings of fact and conclusions of law enumerated below, it is hereby **ORDERED** that defendant, who has been convicted of violating Title 18, United States Code, Section 1957, forfeit to the United States the following property, which is directly subject to forfeiture:

15th Eoff St / 32 15th St/ 36 15th St., Ohio County, West Virginia [CATS ID 25-FBI-003862], more fully described as follows:

TRACT I:

Situated in the City of Wheeling, and in the part thereof called Graham's Addition, being the lot lying at the southeast corner of Center (now Fifteenth) Street and Fifth (now Eoff) Street, and designated on the plat of said Addition by the number fifteen (15); together with all the singular the hereditaments and appurtenances, rights, privileges and easements belonging to or appertaining thereto or heretofore usually held, used or enjoyed with the above granted premises.

Being the same property conveyed to Elks Club by Hopkins Motor Company by deed dated November 30, 1928 and recorded in the office of the clerk of the County Court of Ohio County in Deed Book 216, Page 15.

TRACT II:

All of that certain piece or parcel of ground situate lying and being in the City of Wheeling, County of Ohio and State of West Virginia, and more fully described as Lot Numbered Eighteen (18) in Grahams Addition to the City of Wheeling, situate on the South side of

Fifteenth Street, near the corner of Eoff Street, together with all and singular the buildings and improvements thereon and hereditaments thereto belonging.

Being the same property conveyed to Elks Club by Louis Whit and Bertha Whit by deed dated September 28, 1902 and recorded in the office of the clerk of the County Court of Ohio County in Deed Book 109, Page 522.

TRACT III:

Situate in the City of Wheeling, County of Ohio and State of West Virginia, and being the west half of Lot Numbered Twenty-One (21) in Michael Graham's Addition to said City of Wheeling, together with any surplus that may belong to said half lot, and all improvements thereon; excepting and reserving from the property above described, that part thereof which was conveyed by Benjamin S. Allison and Gertrude Allison, his wife, to P. J. Greene, by deed dated January 11, 1900, and recorded in the office of the Clerk of the County Court of Ohio County, in Deed Book 207, Page 238.

Being the same property conveyed to Elks Cub by Margaret V. Farrell by deed dated November 23, 1926 and recorded in the office of the Clerk of the County Court of Ohio County in Deed Book 207, Page 238.

Property Deed: Book 758, Page 335.
Instrument No: 1612168
Recorded April 4, 2005
The property is presently deeded to Paul Harris.

1. On September 16, 2025, the grand jury returned an Indictment charging that the defendant violated Title 18, United States Code, Section 1957. The Forfeiture Allegation in the Indictment contains notice to the defendant that the government intends to forfeit property in this criminal case.

2. Title 18, United States Code, Sections 982(a)(1) and 1956 mandate forfeiture of any property, real or personal, involved in the money laundering offense of conviction, and any property traceable to such property.

3. On November 13, 2025, the defendant was convicted on all five counts of violating Title 18, United States Code, Section 1957.

2

4.     The jury, through a Special Verdict Form (Doc. 139), established the requisite nexus between the offense of conviction and the following property:

15th Eoff St / 32 15th St/ 36 15th St., Ohio County, West Virginia [CATS ID 25-FBI-003862], more fully described as follows:

TRACT I:

Situated in the City of Wheeling, and in the part thereof called Graham's Addition, being the lot lying at the southeast corner of Center (now Fifteenth) Street and Fifth (now Eoff) Street, and designated on the plat of said Addition by the number fifteen (15); together with all the singular the hereditaments and appurtenances, rights, privileges and easements belonging to or appertaining thereto or heretofore usually held, used or enjoyed with the above granted premises.

Being the same property conveyed to Elks Club by Hopkins Motor Company by deed dated November 30, 1928 and recorded in the office of the clerk of the County Court of Ohio County in Deed Book 216, Page 15.

TRACT II:

All of that certain piece or parcel of ground situate lying and being in the City of Wheeling, County of Ohio and State of West Virginia, and more fully described as Lot Numbered Eighteen (18) in Grahams Addition to the City of Wheeling, situate on the South side of Fifteenth Street, near the corner of Eoff Street, together with all and singular the buildings and improvements thereon and hereditaments thereto belonging.

Being the same property conveyed to Elks Club by Louis Whit and Bertha Whit by deed dated September 28, 1902 and recorded in the office of the clerk of the County Court of Ohio County in Deed Book 109, Page 522.

TRACT III:

Situate in the City of Wheeling, County of Ohio and State of West Virginia, and being the west half of Lot Numbered Twenty-One (21) in Michael Graham's Addition to said City of Wheeling, together with any surplus that may belong to said half lot, and all improvements thereon; excepting and reserving from the property above described, that part thereof which was conveyed by Benjamin S. Allison and Gertrude Allison, his wife, to P. J. Greene, by deed dated January 11, 1900, and recorded in the office of the Clerk of the County Court of Ohio County, in Deed Book 207, Page 238.

Being the same property conveyed to Elks Cub by Margaret V. Farrell by deed dated November 23, 1926 and recorded in the office of the Clerk of the County Court of Ohio

County in Deed Book 207, Page 238.

Property Deed: Book 758, Page 335.
Instrument No: 1612168
Recorded April 4, 2005
The property is presently deeded to Paul Harris.

**IT IS FURTHER ORDERED**:

The United States Marshal or any designee is authorized to seize any forfeited property that is not already in the government's custody and control, and is also authorized to retain physical custody and control of any forfeited property that has previously been seized by any law enforcement agency.

The United States shall publish notice of this Order and of the government's intent to dispose of the forfeited property in such manner as the Attorney General may direct, and shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of specified property in the ancillary proceeding.

Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of written notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, Section 853(n)(2), as incorporated by Title 18, United States Code, Section 982(b).

Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the

petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

Within thirty days after a third party petition is filed, the United States may advise the Court of whether it intends to file a motion to dismiss such petition for lack of standing, for failure to state a claim, or for any other lawful reason. Upon filing its notice of intent to file a motion to dismiss, the United States may conduct discovery authorized by the Federal Rules of Civil Procedure to develop facts relative to the contemplated motion to dismiss.

If the United States does not notify the Court of its intent to file a motion to dismiss within thirty days of the filing of a petition, or within that thirty day period notifies the Court that it will not be filing a motion to dismiss, the parties may then conduct discovery under the Federal Rules of Civil Procedure to resolve factual issues relevant to the ancillary proceeding that will be conducted by the Court.

If the Court denies a government motion to dismiss, or otherwise disposes of the motion without dismissing the petition, the parties may then conduct discovery under the Federal Rules of Civil Procedure to resolve factual issues relevant to the ancillary proceeding that will be conducted by the Court.

The determination of whether a third party has an interest in property specified herein is deferred until a claim is filed in an ancillary proceeding under Rule 32.2(c). If no third party files a timely petition, or if any if any timely filed petition is withdrawn, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture rendering to the government clear title to all specified property, which the Court finds the convicted defendant.

This Order of Forfeiture shall become final regarding the defendant at the time of sentencing, and will be made part of the sentence by incorporating this Order by reference in the judgment. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary.

**SO ORDERED.**

DATED: 11-20-2025

UNITED STATES DISTRICT JUDGE