**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.                                                                  **Criminal No. 5:25CR34**

PAUL J. HARRIS,

       **Defendant.**

**GOVERNMENT'S MOTION TO AMEND THE PRELIMINARY ORDER OF
FORFEITURE TO ADD CERTAIN SUBSEQUENTLY LOCATED SUBSTITUTE
PROPERTY**

The United States, through counsel, respectfully requests the Court to enter an Order amending the Money Judgement Order of Forfeiture to add the following subsequently located substitute property, including but not limited to:

    A.    Rental payments made pursuant to active lease agreements for the following real properties:

    11 Hawk Court APN 35-10-W30A-0192-0000;
    13 Hawk Court APN 35-10-W30A-0194-0000;
    22 Hawk Court APN 35-10-W30A-0179-0000;
    24 Hawk Court APN 35-10-W30A-0180-0000;
    26 Hawk Court APN 35-10-W30A-0181-0000; and
    28 Hawk Court APN 35-10-W30A-0182-0000.[1]

In support of this motion, the United States asserts:

1.    The Order of Forfeiture (Doc. 195), entered on March 10, 2026, includes the forfeiture of all property constituting, or derived from, proceeds obtained directly or indirectly from the defendant's violation of Title 18, United States Code, Sections 1341, 1343, and 1957, including a money judgment in the amount $666,125.86.

---

[1] Defendant has provided the government with copies of the written lease agreements for 13, 26, and 28 Hawk Court. Defendant states there are no written lease agreements for 11, 22 or 24 Hawk Court. The monthly payments received from all Hawk Court properties is $4,650.00 in the aggregate.

2.      Rule 32.2(e)(2)(A) F.R.Cr.P. provides "If the government shows that the [subsequently located] property is subject to forfeiture under Rule 32.2(e)(1), the court must . . . amend an existing preliminary or final order to include it" even though such property is not subject to direct forfeiture. *United States v. Bryson*, 105 Fed.Appx. 470, 475, 2004 WL 1637371, **3 (4th Cir. 2004)("Because the properties listed in the forfeiture order were designated as substitute assets, the government was not required to show that the specific seized assets were acquired . . . with tainted funds.").

3.      Rule 32.2(e)(1)(A) F.R.Cr.P. provides **"the court may at any time . . . amend an** existing order of forfeiture to include property that…is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered." To add newly-discovered property to an existing order of forfeiture the Government need only establish by a preponderance of the evidence that the property falls within the scope of the existing order.  *See United States v. Cherry*, 330 F.3d 658, 669-70 (4th Cir. 2003) (the burden of proof for criminal forfeiture is preponderance of the evidence).

4.      Substitute property qualifying for forfeiture under Title 21, United States Code, Section 853(p)(2) is any property of the defendant, up to the value of property subject to direct forfeiture.

5.      Prior to sentencing, the United States was unable to locate all property subject to forfeiture in this case because the defendant had dissipated substantial proceeds of the offense or had hidden such property well enough that it could not be located by law enforcement upon the exercise of due diligence.

2

6. Since the time of the defendant's conviction, the Government has continued its investigation to locate and identify other substitute property subject to forfeiture.

7. Subsequent investigation into the defendant's assets has determined that the defendant has an ownership interest in the following property:

A. Rental payments made pursuant to active lease agreements for the following real properties:

11 Hawk Court APN 35-10-W30A-0192-0000;
13 Hawk Court APN 35-10-W30A-0194-0000;
22 Hawk Court APN 35-10-W30A-0179-0000;
24 Hawk Court APN 35-10-W30A-0180-0000;
26 Hawk Court APN 35-10-W30A-0181-0000; and
28 Hawk Court APN 35-10-W30A-0182-0000.

8. Said property qualifies as subsequently located substitute property subject to forfeiture.

WHEREFORE, the United States requests that this Court order the criminal forfeiture by issuing the proposed Preliminary Order of Forfeiture. A proposed Order is submitted herewith.

Respectfully submitted,

Matthew L. Harvey
United States Attorney

By:    /s/ Morgan S. McKee
Morgan S. McKee
WV Bar No. 12669
Assistant United States Attorney

3

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March 2026, I have electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, and further served the Motion on the defendant via email to harrislawofficeswhg@gmail.com.

MATTHEW L. HARVEY
United States Attorney

By:    /s/ Morgan S. McKee
       Morgan S. McKee
       WV Bar No. 12669
       Assistant United States Attorney
       United States Attorney's Office
       1125 Chapline Street, Suite 3000
       Wheeling, WV 26003
       Phone: (304) 234-0100
       morgan.mckee@usdoj.gov