AO 245B (Rev. 11/25)    Judgment in a Criminal Case
 Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of West Virginia

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| PAUL J. HARRIS | ) | Case Number:  5:25CR34 |
| | ) | USM Number:  33558-183 |
| | ) | Paul J. Harris, Pro Se |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☑ was found guilty on count(s)    1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 1 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 2 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 3 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/23/2026
Date of Imposition of Judgment

Signature of Judge

Honorable John Preston Bailey, United States District Judge
Name and Title of Judge

3-24-2026
Date

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 1A

Judgment—Page   2   of   9

DEFENDANT:  PAUL J. HARRIS
CASE NUMBER:  5:25CR34

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 4 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 5 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 6 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 7 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 8 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 9 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 10 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 11 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 12 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 13 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 14 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 15 |
| Title 18 U.S.C. § 1341 | Mail Fraud | 5/22/2025 | 16 |
| Title 18 U.S.C. § 1343 | Wire Fraud | 5/22/2025 | 17 |
| Title 18 U.S.C. § 1343 | Wire Fraud | 5/22/2025 | 18 |
| Title 18 U.S.C. § 1343 | Wire Fraud | 5/22/2025 | 19 |
| Title 18 U.S.C. § 1343 | Wire Fraud | 5/22/2025 | 20 |
| Title 18 U.S.C. § 1343 | Wire Fraud | 5/22/2025 | 21 |
| Title 18 U.S.C. § 1343 | Wire Fraud | 5/22/2025 | 22 |
| Title 18 U.S.C. § 1343 | Wire Fraud | 5/22/2025 | 23 |
| Title 18 U.S.C. § 1343 | Wire Fraud | 5/22/2025 | 24 |
| Title 18 U.S.C. § 1957 | Unlawful Money Transactions | 4/19/2021 | 25 |
| Title 18 U.S.C. § 1957 | Unlawful Money Transactions | 4/22/2021 | 26 |
| Title 18 U.S.C. § 1957 | Unlawful Money Transactions | 4/26/2021 | 27 |
| Title 18 U.S.C. § 1957 | Unlawful Money Transactions | 4/30/2021 | 28 |
| Title 18 U.S.C. § 1957 | Unlawful Money Transactions | 5/27/2021 | 29 |

AO 245B (Rev. 11/25) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:   PAUL J. HARRIS
CASE NUMBER:   5:25CR34

Judgment — Page ___3___ of ___9___

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  97 months on each of Counts 1 through 29, all to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be incarcerated at an FCI or a facility as close to Wheeling, West Virginia as possible; and at a facility where the defendant can participate in substance abuse treatment, as determined by the Bureau of Prisons; including the 500-Hour Residential Drug Abuse Treatment Program.

That the defendant be allowed to participate in a mental health treatment program as determined appropriate by the Bureau of Prisons.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐  at _____  ☐ a.m.   ☐ p.m.   on _____

☐  as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☑  on __5/6/2026_____ , as directed by the United States Marshals Service.

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __9__

DEFENDANT:  PAUL J. HARRIS
CASE NUMBER:  5:25CR34

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: 3 years on each of Counts 1 through 29, all to be served concurrently

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court in its November 29, 2016, Standing Order, as well as with any other conditions on the attached page (if applicable).

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT:  PAUL J. HARRIS
CASE NUMBER:  5:25CR34

Judgment—Page __5__ of __9__

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You shall not commit another federal, state or local crime.
4. You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
5. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
6. You must answer truthfully the questions asked by your probation officer.
7. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
9. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
11. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
12. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
13. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
14. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
15. You shall not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants.
16. You shall not frequent places that sell or distribute synthetic cannabinoids or other designer stimulants.
17. Upon reasonable suspicion by the probation officer, you shall submit your person, property, house, residence, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
18. You are prohibited from possessing a potentially vicious or dangerous animal or residing with anyone who possesses a potentially vicious or dangerous animal. The probation officer has sole authority to determine what animals are considered to be potentially vicious or dangerous.
19. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U. S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page ___6___ of ___9___

DEFENDANT: PAUL J. HARRIS
CASE NUMBER: 5:25CR34

## SPECIAL CONDITIONS OF SUPERVISION

1) You must participate in a substance abuse treatment program. The probation officer will supervise your participation in the program.

2) You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3) You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

4) You must participate in training, counseling, and/or daily job search as directed by the probation officer. Unless excused for legitimate reasons, if not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, you may be required to perform up to 20 hours of community service per week until employed, as approved by the probation officer.

5) You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation officer may share financial information with the U.S. Attorney's Office.

6) You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

7) You must immediately begin making restitution payments of $500 per month, due on the first of each month. These payments shall be made during incarceration, and if necessary, while on supervised release.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page    7    of    9

DEFENDANT: PAUL J. HARRIS
CASE NUMBER: 5:25CR34

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 2,900.00 | $ 701,623.86 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Victim #1 | $352,381.94 | $352,381.94 | 100% |
| Victim #2 | $34,995.00 | $34,995.00 | 100% |
| Victim #3 | $112,548.92 | $112,548.92 | 100% |
| Victim #4 | $42,000.00 | $42,000.00 | 100% |
| Victim #5 | $44,200.00 | $44,200.00 | 100% |
| Victim #6 | $6,000.00 | $6,000.00 | 100% |
| Victim #7 | $6,000.00 | $6,000.00 | 100% |
| Victim #8 | $6,000.00 | $6,000.00 | 100% |
| Victim #9 | $6,000.00 | $6,000.00 | 100% |
| Victim #10 | $16,000.00 | $16,000.00 | 100% |
| **TOTALS** | $ 701,623.86 | $ 701,623.86 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the    ☐ fine   ☑ restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page __8__ of __9__

DEFENDANT: PAUL J. HARRIS
CASE NUMBER: 5:25CR34

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Victim #11 | $14,000.00 | $14,000.00 | 100% |
| Victim #12 | $14,000.00 | $14,000.00 | 100% |
| Victim #13 | $8,000.00 | $8,000.00 | 100% |
| Victim #14 | $4,000.00 | $4,000.00 | 100% |
| Victim #15 | $35,498.00 | $35,498.00 | 100% |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 6 — Schedule of Payments

Judgment — Page __9__ of ___9___

DEFENDANT:  PAUL J. HARRIS
CASE NUMBER:  5:25CR34

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
    You must immediately begin making restitution payments of $500 per month, due on the first of each month.
    These payments shall be made during incarceration, and if necessary, while on supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to Clerk of Court, U. S. District Court for the Northern District of West Virginia, 1125 Chapline Street, Suite 1000, Wheeling, WV, 26003.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.