# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**v.**                                                           **Criminal No. 5:25CR34**

**PAUL J. HARRIS,**

   **Defendant.**

## AMENDED PRELIMINARY ORDER OF FORFEITURE

For the following reasons, this Court grants the motion of the United States for the entry of an Order amending the Preliminary Order of Forfeiture to add the following subsequently located substitute property, including but not limited to:

  A. Rental payments made pursuant to active lease agreements for the following real properties:

   11 Hawk Court APN 35-10-W30A-0192-0000;
   13 Hawk Court APN 35-10-W30A-0194-0000;
   22 Hawk Court APN 35-10-W30A-0179-0000;
   24 Hawk Court APN 35-10-W30A-0180-0000;
   26 Hawk Court APN 35-10-W30A-0181-0000; and
   28 Hawk Court APN 35-10-W30A-0182-0000.

1. The Preliminary Order of Forfeiture (Doc. 195), entered on March 10, 2026, includes the forfeiture of all property constituting, or derived from, proceeds obtained directly or indirectly from the defendant's violation of Title 18, United States Code, Sections 1341, 1343, and 1957, including a money judgment in the amount $666,125.86.

2. Rule 32.2(e)(2)(A) F.R.Cr.P. provides "If the government shows that the [subsequently located] property is subject to forfeiture under Rule 32.2(e)(1), the court must . . . amend an existing preliminary or final order to include it" even though such property is not subject to direct forfeiture. *United States v. Bryson*, 105 Fed.Appx. 470, 475, 2004 WL 1637371, **3 (4th

Cir. 2004)("Because the properties listed in the forfeiture order were designated as substitute assets, the government was not required to show that the specific seized assets were acquired . . . with tainted funds.").

3.      Rule 32.2(e)(1)(A) F.R.Cr.P. provides "the court may at any time . . . amend an existing order of forfeiture to include property that…is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered."

4.      Substitute property qualifying for forfeiture under Title 21, United States Code, Section 853(p)(2) any property of the defendant, up to the value of property subject to direct forfeiture.

5.      Prior to sentencing, the United States was unable to locate all property subject to forfeiture in this case because the defendant had dissipated substantial proceeds of the offense or had hidden such property well enough that it could not be located by the United States upon the exercise of due diligence.

6.      A subsequent investigation into the defendant's assets has determined that the defendant has an ownership interest in the following property:

      A.      Rental payments made pursuant to active lease agreements for the following real properties:

          11 Hawk Court APN 35-10-W30A-0192-0000;
          13 Hawk Court APN 35-10-W30A-0194-0000;
          22 Hawk Court APN 35-10-W30A-0179-0000;
          24 Hawk Court APN 35-10-W30A-0180-0000;
          26 Hawk Court APN 35-10-W30A-0181-0000; and
          28 Hawk Court APN 35-10-W30A-0182-0000.

7.      The United States Marshal, and the FBI, or any designee of such agencies is authorized to seize real property.

2

8.      The Preliminary Money Judgment Order of Forfeiture (Doc. 195) shall become final regarding the defendant at the time of sentencing, and will be made part of the sentence by incorporating it by reference in the judgment. The determination of whether any third party has any interest in any specified property is deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

9.      The United States shall publish notice of this Order and of the government's intent to dispose of the forfeited property in such manner as the Attorney General may direct. The government may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property that is the subject of this Order of forfeiture as a substitute for published notice for those persons so notified.

10.      Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of written notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to Title 21 United States Code, Section 853(n)(2).

12.      Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

13.      If the United States does not notify the Court of its intent to file a motion to dismiss within thirty days of the filing of a petition, or within that thirty day period notifies the Court that

it will not be filing a motion to dismiss, the parties may then conduct discovery under the Federal Rules of Civil Procedure to resolve factual issues relevant to the ancillary proceeding that will be conducted by the Court.

14. If the Court denies a government motion to dismiss, or otherwise disposes of the motion without dismissing the petition, the parties may then conduct discovery under the Federal Rules of Civil Procedure to resolve factual issues relevant to the ancillary proceeding that will be conducted by the Court.

15. If no third party files a timely petition, or if at least one third party files a timely petition and each such petition is this subsequently withdrawn, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture rendering to the government clear title to the subject property, which the Court finds the convicted defendant had an interest in, and is forfeitable under the applicable statute.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary.

**IT IS SO ORDERED.**

DATED: 3-24-2026

JOHN P. BAILEY
UNITED STATES DISTRICT JUDGE

4