**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

**v.**                                                                      **Criminal No. 5:25CR34**

**PAUL J. HARRIS,**

        **Defendant.**

**GOVERNMENT'S SECOND MOTION TO AMEND THE PRELIMINARY ORDER OF
FORFEITURE TO INCLUDE PROHIBITED ACTIVIES AND
MAINTENANCE PROVISIONS**

The United States, through counsel, respectfully requests the Court to enter a second Order amending the Money Judgement Order of Forfeiture to include prohibited activities and provisions specifically related to maintenance of the substitute real properties identified therein.

In support of this motion, the United States asserts:

1.      The Order of Forfeiture (Doc. 195), entered on March 10, 2026, includes the forfeiture of all property constituting, or derived from, proceeds obtained directly or indirectly from the defendant's violation of Title 18, United States Code, Sections 1341, 1343, and 1957, including a money judgment in the amount $666,125.86.

2.      The March 10, 2026, Order also provides for the forfeiture of certain real property located in Wheeling, WV which is subject to substitute property forfeiture, including property located at 34 Orchard Rd., 2233 Chapline St., 9971 National Rd. and 8 parcels on Hawk Court.

3.      An Amended Preliminary Order of Forfeiture was entered on March 24, 2026 (Doc. 205) to add the forfeiture of rental payments made pursuant to active lease agreements for the following real properties: 11 Hawk Court APN 35-10-W3OA-0192-0000; 13 Hawk Court APN 35-l0-W3OA-0194-0000; 22 Hawk Court APN 35-10-W3OA-0179-0000; 24 Hawk Court APN

35-10-W3OA-0180-0000; 26 Hawk Court APN 35-l0-W3OA-0181-0000; and 28 Hawk Court APN 35-10-W3OA-0182-0000. ECF No. 205. Notably, 31 Hawk Court APN 35-10-W3OA-0203-0000 and 33 Hawk Court APN 35-1O-W3OA-0204-0000 are vacant.

4.      The Court has broad authority to seize or restrain property subject to forfeiture. Pursuant to 21 U.S.C. § 853(g),

> Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited.

21 U.S.C. § 853(g).

5.      The court may issue any order reasonably necessary to ensure compliance with a restitution order, including: (A) a restraining order; (B) an injunction; (C) an order requiring the defendant to deposit all or part of any monetary restitution into the district court's registry; or (D) an order requiring the defendant to post a bond.  *See* Fed. R. Crim. P. 38(e)(2).

6.      Correspondence was sent to the tenants of the rental properties on Hawk Court on March 26, 2026, notifying them that the property currently being leased is subject to a federal forfeiture proceeding. Tenants have since expressed concerns that some of the buildings are not being maintained appropriately.

7.      A Final Order of Forfeiture has not been filed for any of the substitute properties due to a pending appeal and thus, the United States does not currently have custody of the properties.

8.    Accordingly, until a Final Order of Forfeiture is entered, the Defendant should be

prohibited from the following:

1)    Entering into any agreement to sell or transfer the Subject Properties, or any entity claiming ownership of the Subject Properties, during the pendency of this forfeiture action, unless the District Court orders any of the properties sold in an interlocutory sale, with the net proceeds to be deposited into an interest bearing account as the substitute res, held in the custody and control of the United States Marshals Service.

2)    Transferring or disposing of, by any means, the Subject Properties, or any entity claiming ownership of the Subject Properties.  However, if any part of any of the Subject Properties has been transferred or disposed of by any means, the defendant shall account to the Court for its disposition.  Further, this Order applies with equal force and effect to restrain the transfer or disposition of the proceeds or revenues from the Subject Properties.  Ordinary expenses necessary to the operation and maintenance of the Subject Properties are permitted to be paid from the revenues of the Subject Properties, but an accounting of all payments must be provided to the Court and the United States on the first of each month.

3)    Selling, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the disposal of, or removal from, the jurisdiction of this Court, any part of or interest in the Subject Properties, including fixtures and improvements, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order.

4)    Knowingly allowing any illegal activity to occur at the Subject Properties during the pendency of this forfeiture action.

9.    Furthermore, during the pendency of this forfeiture action, the Defendant should be

ordered to do the following with respect to the substitute properties:

1)    Defendant shall take all reasonable precautions to prevent the destruction or diminution in value of Subject Properties and any buildings, appurtenances, and improvements, including fixtures, thereto.

2)    Defendant shall maintain the yard and any landscaping in its current condition and shall not allow trash or other debris to accumulate at Subject Properties.

3

3)      Defendant shall maintain fire, flood, and hazard insurance on Subject Properties.

4)      Defendant shall ensure that all property taxes are paid on time and do not become delinquent.

5)      Defendant shall neither take, nor knowingly permit or aid and abet, any action to destroy, damage, waste, dispose of, or transfer Subject Properties, without authority of the Court, for the purpose of impairing or defeating the Court's continuing jurisdiction over said Subject Properties, in violation of 18 U.S.C. § 2232(b).

6)      Vacant properties are to be locked/secured to prevent unauthorized access.

7)      All utilities are to be paid accordingly. Climate should be kept at a reasonable temperature to prevent overheating or freezing (winterization) in the appropriate seasons.

8)      Defendant shall not create new rental agreements during the pending appeal for any vacant units.

10.      WHEREFORE, the United States requests that this Court issue the proposed Second Amended Preliminary Order of Forfeiture.  A proposed Order is submitted herewith.

Respectfully submitted,

Matthew L. Harvey
United States Attorney

By:      /s/ Morgan S. McKee
Morgan S. McKee
WV Bar No. 12669
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April 2026, I have electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, and further served the Motion on the defendant via email to harrislawofficeswhg@gmail.com.

MATTHEW L. HARVEY
United States Attorney

By:    /s/ Morgan S. McKee
       Morgan S. McKee
       WV Bar No. 12669
       Assistant United States Attorney
       United States Attorney's Office
       1125 Chapline Street, Suite 3000
       Wheeling, WV 26003
       Phone: (304) 234-0100
       morgan.mckee@usdoj.gov

5